OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas wherein, appellant, Robert Charles James Pope ("Pope"), pled guilty to one count of rape.
 {¶ 2} Pope had been dating the victim's mother, Helen, for several months. The victim was five years old at the time of the offense. Pope recounted three different instances in which he molested the victim to the Mentor Police in 1990, and again at his court-ordered psychological evaluation in 2001.
 {¶ 3} The first incident occurred early in his relationship with Helen at which time the victim approached him and gave him a "french kiss." The second incident occurred at a cookout with Helen and the victim. Pope noted that he had been drinking all day and wanted to go get coffee, so he took the victim with him. He then drove her to the lake. The victim got out to look at the lake while Pope "did a lot of coke" in the back of the van. Pope next stated that he got out of the van to get the victim. He claimed she approached him and initiated kissing and fondling and then they went in the back of the van where Pope attempted intercourse.
 {¶ 4} Pope then recounted another incident where the victim came to his house, after her mother had broken up with him. She came into his bedroom where he was sleeping and again initiated fondling. Pope claims that at that time there was fondling but no intercourse occurred.
 {¶ 5} Pope admitted to ongoing substance abuse involving both alcohol and cocaine, and that he was under the influence when the incidents occurred.
 {¶ 6} On September 14, 1990, Pope was indicted by the Lake County Grand Jury on one count of rape, one count of gross sexual imposition, and one count of felonious sexual penetration. At his arraignment, he entered a plea of not guilty.
 {¶ 7} On November 5, 1990, Pope withdrew his previously entered not guilty plea and pled guilty to one count of rape. A nolle prosequi was entered on the remaining counts of the indictment. Pope was subsequently sentenced to an indefinite term of six to twenty-five years in prison on December 3, 1990.
 {¶ 8} A sexual predator classification hearing was held on September 17, 2001, pursuant to R.C. 2950.09. The court ultimately concluded that Pope should be classified a sexual predator.
 {¶ 9} Pope filed the instant appeal, citing a single assignment of error:
 {¶ 10} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 11} Pope contends that the trial court erred in labeling him a sexual predator when the evidence presented did not prove by clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 12} Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Thus, before labeling an individual as a sexual predator, the trial court must first conclude that the offender was convicted of or pled guilty to a sexually oriented offense. Secondly, the trial court must determine whether the offender is likely to engage in another sexually oriented offense in the future.
 {¶ 13} R.C. 2950.09(B)(3) lists factors that shall be considered by the trial court in making its determination:
 {¶ 14} "(a) The offender's or delinquent child's age;
 {¶ 15} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 18} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 21} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 24} Pursuant to R.C. 2950.09(B)(4), the trial court must use a clear and convincing evidential standard in determining whether an offender should be classified a sexual predator. Clear and convincing evidence is more than a mere preponderance of the evidence but does not rise to the level of beyond a reasonable doubt.[1]
 {¶ 25} The same standard applies in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction.[2] Therefore, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed.[3]
 {¶ 26} Pope contends that, at the sexual predator classification hearing in the instant case, a great deal of evidence was presented to establish that he was less likely to reoffend. Specifically, he directs this court's attention to the fact that he was over twenty-five years of age when the offenses were committed (he was thirty-two years of age). He also notes that he successfully completed a number of sexual offender treatment programs and he suffers from no mental illness or pedophilia. Pope also contends that the trial court disregarded the report issued by Dr. John Fabian as a result of his sex offender assessment of Pope. Dr. Fabian ultimately concluded that Pope presents a low to moderate risk of reoffending and should be classified a sexually oriented offender, rather than a sexual predator.
 {¶ 27} Although Pope directs this court's attention to evidence which may demonstrate that he is less likely to reoffend, the trial court properly concluded, based on factors enumerated in R.C. 2950.09(B)(3), that Pope is likely to commit another sexual offense in the future. We agree.
 {¶ 28} Although Dr. Fabian concluded that Pope could be classified as a sexually oriented offender, this court has held in the past that "trial courts should not be forced to accept the conclusions of psychologists or psychiatrists as to whether an individual is a sexual predator."[4] Moreover, the trial court did not completely disregard Dr. Fabian's report. The court included in its determination Dr. Fabian's concerns regarding Pope's tendency, even ten years after the incident, to insist that the victim initiated the contact. This fact, along with other factors, led to the court's ultimate determination classifying Pope as a sexual predator. One factor was the age of the victim. (The court noted in the judgment entry that the victim was six years of age. However, the record reveals that the victim was five years of age at the time of the offense.) Another factor was that there were multiple instances of sexual contact, demonstrating a pattern of abuse.
 {¶ 29} Based on the foregoing analysis, we find that the trial court did not err in classifying Pope as a sexual predator and Pope's assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment,
[1] State v. Moore (July 21, 2000), 2d Dist. No. 18017, 2000 WL 1006570, at *2, citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[2] State v. Linden (Feb. 2, 2000), 9th Dist. No. 2984-M, 2000 WL 141054, at *3.
[3] Id.
[4] State v. Pasko (Dec. 7, 2001), 11th Dist. No. 2000-L-067, 2001 WL 1560935, at *4.